IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC JOELNER, FISH, INC., d/b/a XXXTREME ENTERTAINMENT, FREE SPEECH, INC., and FIRST AMENDMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VILLAGE OF WASHINGTON PARK, ILLINOIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 03-325-GPM<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiffs' motion for attorney's fees and litigation expenses (Doc. 65) is before the Court. Pursuant to 42 U.S.C. § 1988(b), Plaintiffs seek attorney's fees in the amount of $63,310.00 and costs in the amount of $2,756.76, for a grand total of $66,077.76.

Following a bench trial on June 6, 2006, this Court issued a Memorandum and Order declaring the restriction on selling alcohol in an ordinance adopted by the Village of Washington Park on its face unconstitutional. The Court also found the Village's denial of adult entertainment licenses to Plaintiffs to be unconstitutional and held that the entire licensing scheme is an unconstitutional suppression of protected First Amendment activities and not a content neutral, reasonable time, place, or manner regulation of secondary effects of speech activities. The Court awarded Plaintiffs attorney's fees and costs. Defendant has appealed the Court's Order and

Judgment.[1]

In federal court, a prevailing party is entitled to recover "costs other than attorneys' fees … as of course." FED. R. CIV. P. 54(d). Under 42 U.S.C. § 1988, a prevailing party in a § 1983 action may also recover "a reasonable attorney's fee as part of the costs." Courts use the well-known "lodestar" method to determine a reasonable amount of fees. *E.g., People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996); *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, (1983). Under this method, the court first determines the "lodestar" by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *People Who Care*, 90 F.3d at 1310. The court may then adjust this award based on various factors, *see id.* at 1310 n.1, the "most critical" of which is the degree of success obtained by the movant, *Hensley*, 461 U.S. at 436. The movant bears the initial burden of documenting its fees to the satisfaction of the court; once it has done so, those fees are presumptively appropriate unless challenged by the opposing party. *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986).

The Court finds that the documents supplied by Plaintiffs' counsel show a reasonable expenditure of time on this case. Although Defendant argues that Plaintiffs should only recover fees from April 25, 2005 (the date the amended complaint was filed) to the date of judgment (*see* Doc. 71), the Court disagrees. A prevailing party is one who has obtained some actual relief on the merits of a claim which affects the behavior of the defendant towards the plaintiff. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Plaintiffs ultimately prevailed on the claims they made when this suit was

---

[1] The Court notes that while a notice of appeal transfers jurisdiction to the Court of Appeals, a district court may still address ancillary questions such as attorney's fees and costs. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990).

filed in May 2003; Defendant fought Eric Joelner every step of the way, even after remand from the Seventh Circuit and a holding that portions of the ordinance were unconstitutional. Plaintiffs are undoubtedly the prevailing parties in this lawsuit.

The Court also finds that $250.00 for attorney Herman and $150.00 for a law clerk with five years experience are reasonable hourly rates in this market. Moreover, these are the actual rates Mr. Joelner paid these attorneys for their services. The Court does not agree with Defendant that the work done by the law clerk is duplicative, non-legal, and/or unnecessary. Again, the Village of Washington Park fought Mr. Joelner at every turn, he paid these fees, and he prevailed at trial. He is entitled to recoup what it cost him to win against the Village.

Finally, Defendant makes no specific objection to the costs sought by Plaintiffs. The Court finds these to likewise be reasonable.

Accordingly, the motion for attorney's fees and litigation expenses (Doc. 65) is **GRANTED**. Plaintiffs are awarded $66,077.76.

**IT IS SO ORDERED.**

DATED: 07/24/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge